David Beiman and Morris Beiman, Appellees, v. Union Bank of Chicago et al., Defendants. Arthur Michel, Appellant.

Gen. No. 33,366.

Opinion filed November 6, 1929. Rehearing denied November 22, 1929.

E. R. ELLIOTT, for appellant.

ISIDORE FRIED, for appellees; BERNARD A. STOL, of counsel.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

David Beiman and Morris Beiman filed their bill of complaint in the circuit court, charging that the Union Bank of Chicago was the legal, and Arthur Michel the equitable, owner of certain real estate situated in Cook county; that William Z. Magid was employed by Michel as sales manager or in some similar capacity; that the said Magid solicited the complainants to buy the real estate in question stating that the title to the premises had been acquired through foreclosure proceedings, which was false, and that its value was $25,000, which was also false; that the said Magid insisted upon becoming and did become a joint purchaser of the property with complainants, although representing that he at no time had received or was to receive any commission by reason of the sale and purchase of the property in question. The answer of the defendant Union Bank of Chicago, admitted that it was the legal owner but charged that Michel was only one of the equitable owners; admitted that Magid was a salesman employed by Michel and had received a commission for the sale of the property; denied all allegations of fraud. Said defendant also filed its cross-bill charging the complainants as cross-defendants with having defaulted in the payment of certain installments due under the contract and praying for performance by the complainants or that the contract be removed from the records as a cloud on the title. The answer of Michel admitted Magid was employed by him and received a commission of $1,800 in and about the sale of the property and denied all the other material allegations of the bill.

The cause was tried before the chancellor and a decree entered finding the issues in favor of the complainants in the sum of $2,850, setting aside the contract of purchase on the ground that it had been procured by fraud and ordering execution against the Union Bank of Chicago as trustee and the lien of the decree to attach only to the specific property involved in the transaction. From this decree the defendants Union Bank of Chicago and Michel appealed. Magid failed to follow the appeal.

From the facts it appears that David Beiman was a jeweler and had known Magid for many years. The property was, in fact, not acquired by defendants through foreclosure proceedings. Magid did receive from Michel a commission for at least $1,600. Neither of the Beimans knew of the payment of the commission to Magid unless it could be inferred by reason of Magid's connection with Michel.

Morris Beiman, complainant, testified that he was told by Magid that he was not receiving anything by reason of the sale of the property, and that he, Magid, told him that the property was acquired by foreclosure proceedings and was worth $25,000, but could be purchased for $15,000 and resold at a profit; that he relied upon the representations and thereupon the complainants joined with Magid in the purchase of the property, upon equal terms, and paid on behalf of himself and son $2,000 to Michel and later an additional $558.60; that he only learned of the receipt of the commission by Magid shortly before the filing of the bill of complaint. Magid stated that he never paid anything on the purchase price other than the original $1,000 and denied that he told Beiman that he, Magid, was receiving no commission. He stated that he was at the time of the transaction acting as a purchaser, the same as Beiman and also acting as a seller for Michel.

An examination of the record fails to disclose any equitable owners of the property other than Michel.

The cause of action does not come within that class of cases where parties deal at arm's length. Consequently, a great deal of appellant's brief, devoted to the argument that the statements must be false when made, known to be false and relied upon by complainants, has no bearing on the case. The present action is based on the theory that the vendor aided one of the purchasers to procure for himself a secret profit and therefore became a party to the transaction and equally responsible to the injured party purchasing property without full knowledge of the facts. *Felt v. Bell,* 205 Ill. 213; *Gullett v. Leaverton,* 202 Ill. App. 527.

David Beiman in his testimony stated that he met defendant Michel and that he, Michel, told him that Magid was not receiving any commission. This was denied by Michel but the chancellor, who saw and heard the witnesses, evidently placed more reliance upon the testimony of complainant than that of defendant. It is insisted that anyone should have presumed that a salesman would receive a commission. This would apply if the parties were dealing at arm's length, but, from the facts in this case, no such presumption necessarily follows. The complainants had a right to rely upon the fact that a fellow purchaser would not attempt to take an unfair advantage and that the vendor would not stand by and permit it. The complainants were not dealing with a full knowledge of all the facts, and the law says that under such circumstances it will aid the purchaser, particularly where the fact concealed was one not ascertainable through the ordinary channels of information. The chancellor saw and observed the witnesses and the decree should not be reversed unless clearly erroneous.

For the reasons stated in this opinion, the decree of the circuit court is affirmed.

*Decree affirmed.*

RYNER and HOLDOM, JJ., concur.